IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02164-NRN

IDIANAY HERNANDEZ JORRIN,

Petitioner,

v.

GEORGE VALDEZ, Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity as Acting Attorney General,
THE EXECUTIVE OFFICER FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, Warden of Aurora ICE Processing Center,

Respondents.

---

# ORDER

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Idianay Hernandez Jorrin's ("Petitioner") Motion to Enforce Writ of Habeas Corpus (the "Motion"). ECF No. 13. Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 ¶ 24. Petitioner filed a habeas petition on May 19, 2026, arguing that Respondents had improperly subjected her to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, she argued that 8 U.S.C. § 1226(a) governed her detention. On June 29, 2026, this Court granted Petitioner's petition and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the Order. The order expressly stated, "At the bond hearing, Respondents bear the burden of proving by clear and convincing

evidence that Petitioner's continued detention is justified due to dangerousness or flight risk." ECF No. 11 at 6. The Order also provided that "**[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention[.]**" *Id.*

The Aurora Immigration Court in Aurora, Colorado held a bond hearing on July 6, 2026. ECF No. 13 at 2; ECF No. 12 (July 9, 2026 Status Report). Petitioner argues that the bond hearing was "constitutionally deficient." ECF No. 13 at 2. She argues,

> The government provided its opening statement by presenting the criminal charges against Petitioner. Counsel for the Petitioner also presented a brief opening statement, emphasizing that although Petitioner has pending criminal charges, her prolonged detention is unlawful because it continues to deprive her of due process to address those charges. ICE refuses to comply with federal writs to allow Petitioner to appear at her criminal hearings, as this Court noted in its Order. Therefore, as Counsel for Petitioner explained, the criminal case has been stayed indefinitely.

*Id.* Petitioner states that the "State of Colorado previously determined that Petitioner was not a danger to society and released her on a $500 cash bond. But, the immigration judge disregarded that evidence." *Id.* at 3.

Petitioner further argues that the immigration judge ("IJ") applied the wrong burden for flight risk. In denying bond, the IJ stated in the written decision,

> This Court has jurisdiction to conduct a custody redetermination hearing pursuant to the district court's habeas order. Under that order, the Department bears the burden of establishing by clear and convincing evidence that the respondent presents a danger to the community or, *by a preponderance of the evidence,* that the respondent presents a risk of flight such that no condition or combination of conditions of release can reasonably assure her appearance for future proceedings and compliance with any removal order.
>
> The Department has met its burden as to both danger and flight risk.
>
> With respect to dangerousness, the respondent presently faces serious pending felony charges for assault and theft. Although those charges

remain unresolved and the respondent is presumed innocent, the Court may consider reliable evidence of pending criminal conduct in assessing dangerousness. The Court also notes that the respondent's co-defendant has already entered a guilty plea to a felony arising out of the same criminal matter. While the respondent has not yet been convicted, the nature of the pending charges, considered together with the procedural posture of the related criminal case, provides clear and convincing evidence that the respondent presently poses a danger to the community warranting continued detention.

The Court further finds that the Department has established, *by a preponderance of the evidence*, that the respondent presents a significant risk of flight. On June 23, 2026, this Court denied the respondent's applications for asylum, withholding of removal, and protection under the Convention Against Torture, leaving the respondent subject to a final order of removal. That order substantially increases the respondent's incentive to abscond rather than comply with removal should enforcement become imminent.

The Court has carefully considered the respondent's arguments in favor of release.

Through counsel, the respondent explained that she has remained detained for approximately fourteen months and that her pending state criminal prosecution has been indefinitely stayed because immigration authorities have not made her available for those proceedings. Counsel represented that, if released, the criminal matter would proceed and that the respondent's co-defendant resolved the case through a plea agreement resulting in eighteen months of probation. The Court has also considered that the respondent filed an application under the Cuban Adjustment Act on June 22, 2026, and a T visa application on June 23, 2026. Counsel argues that both forms of relief require the respondent's continued presence in the United States and therefore provide an incentive to appear.

The Court has weighed these considerations but finds they do not overcome the Department's showing. Although the respondent may have potential avenues to seek lawful status if her criminal matter is resolved, those possibilities remain speculative and do not negate the present incentive to avoid removal. Nor do they mitigate the danger posed by the serious pending felony charges. The existence of potential immigration relief does not outweigh the combined evidence of dangerousness and flight risk presented in this record.

After considering the totality of the circumstances, the Court concludes that no amount of bond or combination of conditions would reasonably assure

> the safety of the community or the respondent's appearance for future proceedings and compliance with any removal order.

ECF No. 13 at 17 (emphasis added).

Respondents filed a response to the Motion, which states in its entirety,

> Respondents, in their official capacities, hereby respond to Petitioner's Motion to Enforce Writ of Habeas Corpus, ECF No. 13. Respondents do not concede that the Motion is meritorious or that Respondents have not complied with this Court's prior Order granting in part the habeas petition, ECF No. 11. But for purposes of this specific case, Respondents are not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue. Respondents recognize that the Court may then decide to grant the Motion and award appropriate relief. If the Court does grant the Motion, Respondents submit that the Court should issue an order that directs a new bond hearing before the immigration court.

ECF No. 14 at 1–2.

## ANALYSIS

"The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." *Addington v. Texas*, 441 U.S. 418, 423 (1979) (quotation omitted). "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024) (quoting *Florida v. Georgia*, 592 U.S. 433, 438–39 (2021)).

In assessing dangerousness or flight risk, and IJ may take into account

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity,

> and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). It must be emphasized again that, per this Court's Order, the burden falls on Respondents to show that the noncitizen is a danger to the community or flight risk by *clear and convincing evidence*.

In this case, the IJ explicitly and improperly utilized a lower standard of proof—a preponderance of the evidence standard—with respect to the risk of flight analysis. Therefore, the Court finds that IJ failed to comply with this Court's order which clearly states that the clear and convincing standard should be applied to either the flight risk or danger to the community analysis.

Additionally, with respect to the dangerousness analysis, while the IJ purported to apply the correct clear and convincing evidence standard, the Court finds that in actuality, this standard was not met. The IJ reasoned that Petitioner's pending felony charges constitute clear and convincing evidence that Petitioner poses a danger to the community. At the same time, the IJ acknowledged that the charges remain unresolved because immigration authorities have refused to make Petitioner available for her criminal proceedings and that the criminal matter has been indefinitely stayed as a result. The IJ's reasoning therefore places Petitioner in an untenable Catch-22. This is not logical. Accordingly, the Court finds that the IJ did not correctly apply the clear and convincing evidence standard to the dangerousness analysis.

While some courts have ordered a second bond hearing employing the constitutionally required standards, *see Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026) (citing cases), the Court finds that an order of immediate release is warranted. "Due process is not satisfied by rubberstamp denials of bond." *Id.* at *3 (citations omitted). As Judge William J. Martinez recently noted, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Singh v. Valdez*, No. 26-cv-1109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026). "The Court sees no reason to order another bond hearing—and risk a third constitutional violation—and prolong the detention that this Court has already determined is unlawful." *Meija*, 2026 WL 1361514, at *5; *see also Quiroz Zacarias*, 2026 WL 1092162, at *5 (ordering immediate release and recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only add further insult to the constitutional injury to which Petitioner has already been subjected."). *See also Jeantinord v. Mullin*, No. 26-CV-2487-RMR, 2026 WL 2224658, at *2 (D. Colo. Aug. 3, 2026) ("Because Respondents did not provide the ordered bond hearing and did not prove by clear and convincing evidence that Petitioner is a flight risk, the Court finds the appropriate remedy is immediate release.").

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

1) Petitioner's Motion to Enforce Writ of Habeas Corpus, ECF No. 13, is **GRANTED**;

2) Respondents **SHALL RELEASE** Petitioner within **48 hours** of the issuance of this Order on her own recognizance, along with all her personal belongings, and may not impose any conditions of release or supervision that were not imposed in the original grant of parole; and

3) On or before August 26, 2026, the Parties shall file a joint status report confirming Petitioner's release and informing the Court whether further proceedings are required in this case.

Dated: August 21, 2026

BY THE COURT:

N. Reid Neureiter

N. Reid Neureiter
United States Magistrate Judge